1  BENJAMIN L. WEBSTER, Bar No. 132230
   TODD M. RATSHIN, Bar No. 245450
2  LITTLER MENDELSON, P.C.
   500 Capitol Mall
3  Suite 2000
   Sacramento, CA 95814
4  Telephone:    916.830.7200
   Fax No.:      916.561.0828
5

6  Attorneys for Defendants
   APPLE INC. and RHONDA HESS-BEAVERS
7  (sued erroneously herein as "RHONDA HESS-
   BREWER")

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  DWAYNE RICHARDSON, an individual, | Case No. _____ |
| 11           Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANTS** |
| 12       v. | |
| 13  APPLE INC., a California corporation; RHONDA HESS-BREWER, an individual; | COMPLAINT FILED:  June 13, 2012 TRIAL DATE:  No date set. |
| 14  and DOES 1 through 20, inclusive, | |
| 15           Defendants. | (Sacramento County Superior Court Case No.  34-2012-00125838) |
| 16 | |
| 17 | |

18

19  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT**

20  **OF CALIFORNIA:**

21              PLEASE TAKE NOTICE that Defendants APPLE INC. ("Apple") and RHONDA

22  HESS-BEAVERS (erroneously sued herein as "RHONDA HESS-BREWER") ("Hess-Beavers"),

23  hereinafter collectively referred to as "Defendants," hereby remove this action from the Superior

24  Court of the State of California, County of Sacramento, to the United States District Court for the

25  Eastern District of California, pursuant to 28 U.S.C. §§ 1441(a) and 1446.  Removal is based on the

26  original jurisdiction of the district court pursuant to 28 U.S.C. §§ 1331 and 1337(a) and § 2000e-5(f)

27  of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e *et seq.*, on

28  the following grounds:

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113189196.1 043907.1139

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANTS

# I.
## STATEMENT OF JURISDICTION

1.　Removal jurisdiction exists because this Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), as well as civil actions "arising under any Act of Congress regulating commerce." 28 U.S.C. § 1337(a).　Removal jurisdiction further is proper in this Court because an action alleging unlawful employment practices in violation of Title VII, such as this one, may be maintained in federal district court.　42 U.S.C. § 2000e-5(f)(3) ("Each United States district court ... shall have jurisdiction of actions brought under this subchapter").

# II.
## VENUE

2.　Venue is proper in the United States District Court for the Eastern District of California because Plaintiff DWAYNE RICHARDSON ("Plaintiff") filed his Complaint in the Superior Court of the State of California, County of Sacramento.　28 U.S.C. § 1446(a); see also 28 U.S.C. §§ 84(b), 1391(b)(2); 42 U.S.C. § 2000e-5(f)(3); E.D. Cal. R. 120(d).

# III.
## PLEADINGS AND PROCESS

3.　On June 13, 2012, Plaintiff filed an unverified Complaint in Sacramento County Superior Court, entitled *Dwayne Richardson v. Apple Inc., a California corporation; Rhonda Hess-Brewer* [sic]*, an individual; and Does 1 through 20, inclusive*, and designated as Case No. 34-2012-00125838.

4.　On July 3, 2012, Plaintiff served a copy of the Summons and Complaint on Apple.　True and correct copies of the Summons and Complaint served on Apple on July 3, 2012, are attached hereto as **Exhibit A**.　The Summons and Complaint attached hereto as **Exhibit A** constitute all the pleadings, process, and orders served on Apple by Plaintiff.　*See* 28 U.S.C. § 1446(a).

5.　Plaintiff's Complaint alleges claims for wrongful termination and retaliation, including a claim of retaliation under Title VII, against Apple.　Plaintiff's Complaint alleges a claim

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

for intentional infliction of emotional distress against Hess-Beavers. *See* Complaint, ¶¶ 25-48.

6.     Plaintiff admits in his Complaint that federal jurisdiction exists in this action based on "federal question jurisdiction." Complaint, ¶ 1.

7.     On August 1, 2012, Apple filed its Answer to Plaintiff's Complaint in Sacramento County Superior Court. A true and correct copy of Apple's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**.

8.     Also on August 1, 2012, Hess-Beavers filed her Answer to Plaintiff's Complaint in Sacramento County Superior Court. A true and correct copy of Hess-Beavers' Answer to Plaintiff's Complaint is attached hereto as **Exhibit C**.

9.     Although Plaintiff failed to serve Hess-Beavers with a copy of the Summons and Complaint, Defendant Hess-Beavers' Answer constitutes a general appearance in the action. Cal. Code Civ. Proc. § 410.50(a); *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.*, 114 Cal. App. 4th 1135, 1145, 1147 (2004).

## IV.
## TIMELINESS OF REMOVAL

10.     This Notice of Removal is timely filed within 30 days of the date Apple was served with the Summons and Complaint and within 30 days of the date Hess-Beavers filed her Answer to Plaintiff's Complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## V.
## JOINDER OF ALL DEFENDANTS IN REMOVAL

11.     Although Plaintiff's claim of retaliation in violation of Title VII is alleged only as against Apple, Hess-Beavers consents to, and joins in, the removal of this civil action from state court to federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-1225 (2009).

## VI.
## BASIS FOR REMOVAL

12.     Original, federal question jurisdiction exists in this Court pursuant to

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113189196.1 043907.1139

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANTS

28 U.S.C. §§ 1331 and 1337(a), as well as 42 U.S.C. § 2000e-5(f), because Plaintiff's Complaint alleges a claim of retaliation under Title VII in violation of 42 U.S.C. § 2000e-3(a). *See* Complaint, ¶¶ 25-30; *cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal jurisdiction exists when federal question presented on face of plaintiff's complaint).

13.　Plaintiff's Complaint alleges a total of four causes of action, including the cause of action for retaliation under Title VII. The remaining three causes of action alleged in Plaintiff's Complaint are based on the same factual allegations giving rise to Plaintiff's Title VII retaliation cause of action and generally assert state law claims for retaliation in violation of California Government Code Section 12940 *et seq.*, wrongful termination, and intentional infliction of emotional distress.

14.　This Court has supplemental jurisdiction over Plaintiff's state law causes of action for retaliation, wrongful termination, and intentional infliction of emotional distress, because those claims are so related to Plaintiff's claim for retaliation under Title VII, which presents a federal question and is within this Court's original jurisdiction, that they form part of the same case or controversy. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-165 (1997); *Green v. Ralee Eng. Co.*, 19 Cal.4th 66, 71-72 (1998) (recognizing that the basis for a claim of wrongful termination must be "tethered to" fundamental policies delineated in constitutional or statutory provisions); *Wong v. Jing*, 189 Cal.App.4th 1354, 1378-1389 (2010) (cause of action for infliction of emotional distress claims is duplicative in nature and merely provides an "alternative legal theor[y] for holding defendants liable for the same conduct" underlying other claims).

15.　Plaintiff's state law claims expressly are based on the same operative facts that comprise the basis for the federal retaliation claim. Complaint, ¶¶ 25, 31, 38, 42. In fact, Plaintiff admits in his Complaint that supplemental jurisdiction exists over his state law claims. *See, e.g., id.*, ¶ 39 ("Jurisdiction is invoked pursuant to 28 U.S.C. Section 1367"), ¶ 40 ("Plaintiff's wrongful termination from his employment with Apple was based upon Defendants' violation of public policy, including but not limited to the following: the fundamental public policies against discrimination, harassment, and retaliation as expressed in the Civil Rights Act of 1964 and

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113189196.1 043907.1139　　　　　4.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANTS

1    subsequent amendments thereto ....").

2         16.    Accordingly, Plaintiff's state law claims are based on the same factual

3    allegations as, and will necessarily involve common issues of law and fact to, Plaintiff's claim for

4    retaliation under Title VII. Plaintiff's state law causes of action do not involve any novel or complex

5    issue of state law and do not substantially predominate over Plaintiff's cause of action for retaliation

6    under Title VII, and no exceptional or compelling circumstances exist for this Court to decline

7    jurisdiction. 28 U.S.C. § 1367(c).

## VII.
## NOTICE TO PLAINTIFF AND STATE COURT

10        17.    Pursuant to 28 U.S.C. § 1446(d), Defendants concurrently are providing

11   written notice of this removal to Plaintiff, through his counsel.  Also pursuant to 28 U.S.C.

12   § 1446(d), Defendants concurrently are filing a copy of such Notice with the clerk of the Sacramento

13   County Superior Court.

14        **WHEREFORE**, Plaintiff's Complaint is removable to this Court pursuant to

15   28 U.S.C. §§ 1331, 1337(a), and 42 U.S.C. § 2000e-5(f), and Defendants hereby remove this action

16   from the Superior Court of the State of California, County of Sacramento, to the United States

17   District Court for the Eastern District of California and respectfully request this Court proceed with

18   the matter as if it had been filed originally herein.

19   Dated: August 2, 2012

21   _____
22   BENJAMIN L. WEBSTER
     TODD M. RATSHIN
     LITTLER MENDELSON, P.C.
23   Attorneys for Defendants
     APPLE INC. and RHONDA HESS-
24   BEAVERS (sued erroneously herein as
     "RHONDA HESS-BREWER")

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200



COPY

*7-3-12*
*100pu*

**BY FAX**

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

APPLE INC., a California corporation; RHONDA HESS-BREWER, an
individual; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DWAYNE RICHARDSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Gordon D. Schaber County Courthouse<br>720 9th Street  Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del caso):*<br>**34-2012-00125 838** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SMITH PATTEN, Spencer F. Smith, Esq., 353 Sacramento Street, Suite 1120, San Francisco, CA 94111

| DATE: 6/13/12<br>*(Fecha)* | JUN 13 2012 | Clerk, by<br>*(Secretario)* | **M. PURCELL** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  *Apple Inc. a California Corporation*

    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

*7-3-12*

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
BETHANY J. SILVA, ESQ. (SBN: 273195)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DWAYNE RICHARDSON

FILED
Superior Court Of California,
Sacramento

06/13/2012

mpurcell

By _____ , Deputy

Case Number:

**34-2012-00125838**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

Department
Assignments

Case Management 36
Law and Motion 53
Minors Compromise 24

| | |
|---|---|
| DWAYNE RICHARDSON, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **(1) RETALIATION; 42 U.S.C. § 2002-3(a)** |
| APPLE INC., a California corporation; RHONDA HESS-BREWER, an individual; and DOES 1 through 20, inclusive, | **(2) RETALIATION; CAL. GOV. CODE § 12940 ET SEQ.** |
| Defendants. | **(3) WRONGFUL TERMINATION** |
| | **(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **JURY TRIAL DEMANDED** |

Plaintiff DWAYNE RICHARSON (hereinafter "PLAINTIFF") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10 and under the California Fair Employment and Housing Act, California Government Code Section 12940, et seq.

2. Venue is proper in Sacramento County as a substantial part of the events and omissions giving rise to this claim occurred in the County of Sacramento, State of California, Defendant RHONDA HESS-BREWER (hereinafter "MS. HESS-BREWER") is a resident of the

COMPLAINT - 1

County of Sacramento, and Defendant, APPLE INC. (hereinafter "APPLE") operates and maintains an office as part of its business in the County of Sacramento, State of California.

3. PLAINTIFF has been damaged in excess of the jurisdictional amount of this court.

## INTRODUCTION

4. This is an action for damages for Retaliation, Wrongful Termination, and Sexual Harassment. This action arises out of events involving PLAINTIFF, Defendant APPLE.

## THE PARTIES

5. PLAINTIFF is African-American male currently employed by APPLE as an "Area Manager", and is a resident of Sacramento County, California.

6. Defendant APPLE is a corporation organized and existing under the laws of the State of California with its primary place of business in the County of Santa Clara, California.

7. Defendant MS. HESS-BREWER is an individual and APPLE employee, located and residing in the County of Sacramento, California. To the best of PLAINTIFF's knowledge, MS. HESS-BREWER is currently an Area Manager APPLE.

8. PLAINITFF is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore PLAINTIFF sues such defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts, and omissions alleged herein and that PLAINTIFF's injuries, as alleged herein, were proximately caused by such aforementioned defendants.

9. PLAINTIFF is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein, was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each defendant is responsible for the occurrences, acts, and omissions of each other defendant complained of herein.

///

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about June 23, 2003 PLAINTIFF was hired by Defendant APPLE as a "Support Specialist".

11. PLAINTIFF continued his employment with APPLE for nearly (9) years, uninterrupted and without incident. In fact, to the contrary, PLAINTIFF was consistently promoted.

12. PLAINTIFF's job title at APPLE at the time of his termination was "Area Manager" APPLE's Apple Care department at APPLE's Elk Grove office.

13. On or about February 9, 2012 APPLE employees from various APPLE departments and offices, including PLAINTIFF and his co-workers, went to TGI Friday's in Elk Grove, California for a work party. While there, many APPLE employees became intoxicated, including PLAINTIFF, Defendant MS. HESS-BREWER and another Area Manager named Janine Hicks (hereinafter "Ms. Hicks"). Throughout the evening, MS. HESS-BREWER was extremely flirtatious with PLAINTIFF and made numerous inappropriate sexual advances toward PLAINTIFF. When the party was over, Lisa Butler, a Senior Business Manager at APPLE directed some of PLAINTIFF's co-workers to ensure that he got a taxi home. While waiting for a taxi, MS. HESS-BREWER began rubbing PLAINTIFF's leg and genital area, thereby sexually assaulting him, in violation of APPLE's policies and procedures. The physical contact was unwelcomed by PLAINTIFF and he became embarrassed and uncomfortable by it. PLAINTIFF was then aware that there were witnesses to MS. HESS-BREWER's assault, including Ms. Hicks, who witnessed the entirety of the sexual assault. PLAINTIFF was also then aware that he was the only African-American male Area Manager and the only person subjected to MS. HESS-BREWER's assaulting behavior. When the taxi arrived, the driver refused to take PLAINTIFF home. According to MS. HESS-BREWER and Ms. Hicks, the taxi driver did not speak English and thus was the reason he refused to take PLAINTIFF home. The two women then insisted on driving PLAINTIFF home in Ms. Hicks' vehicle. MS. HESS-BREWER insisted on riding with them, even though it was not necessary for her to do so. Upon arrival at PLAINTIFF's home, PLAINTIFF exited Ms. Hicks' vehicle and went to his apartment where his fiance was waiting for him.

14. In or around March 2012, MS. HESS-BREWER asked PLAINTIFF to take on one of her employees since PLAINTIFF was in charge of implementing the hiring program for the AHA Mentoring Group. PLAINTIFF refused to hire said employee because the employee's record showed discipline for unexcused absences from work. MS. HESS-BREWER became angry that PLAINTIFF would not take on her employee and commented something to the effect that PLAINTIFF was "just mad" that she allegedly rejected him at the February 9, 2012 APPLE work party at TGI Friday's. PLAINTIFF was confused by MS. HESS-BREWER's comment but did decided not to make an issue of it. Instead, PLAINTIFF eventually took on the above-mentioned employee because MS. HESS-BREWER cleared his poor attendance record.

15. In or around March or April 2012, much to PLAINTIFF's surprise, APPLE informed PLAINTIFF that MS. HESS-BREWER had complained that PLAINTIFF sexually harassed her at APPLE's TGI Friday's work party on February 9, 2012. In so doing, MS. HESS-BREWER alleged that PLAINTIFF had asked her and Ms. Hicks to come up to his apartment to have sexual intercourse with him when they dropped him off at home at the conclusion of the February 9, 2012 work party. PLAINITFF made no such proposition at any time and his position is substantiated by the fact that his fiance was in his apartment waiting for him that evening.

16. In response to MS. HESS-BREWER's false accusations, PLAINTIFF felt compelled to set the record straight and therefore made a complaint of his own regarding MS. HESS-BREWER's unwelcomed sexual advancements on February 9, 2012.

17. As a result of PLAINTIFF and MS. HESS-BREWER's complaints, APPLE's Human Resources Department conducted what it claimed to be a full investigation of the matter, but said investigation was insincere and can only be characterized as a sub-standard and cursory investigation. For example, the investigation was conducted by Phyllis Almanza (hereinafter "Ms. Almanza") who had long-standing relationships with PLAINTIFF and MS. HESS-BREWER, thereby preventing Ms. Almanza from being impartial. Additionally, and proving her partiality, Ms. Almanza only interviewed three people: PLAINTIFF, MS. HESS-

BREWER, and Ms. Hicks. Ms. Almanza made no attempt to locate other witnesses or evidence regarding the incident, despite PLAINTIFF's recommendation that she interview the bartender at TGI Friday's on February 9, 2012 and the security tapes of the same date, each of which PLAINTIFF is confident would prove his version of the incident to be true.

18. On or about April 4, 2012 PLAINTIFF was placed on paid suspension. APPLE cited "inappropriate activity" as the reason for PLAINTIFF's suspension. MS. HESS-BREWER was not placed on paid suspension nor did she receive any other form of disciplinary action.

19. On or about April 5, 2012 Ms. Almanza called PLAINTIFF for purposes of her investigation. PLAINTIFF informed Ms. Almanza that he is represented by counsel and therefore could not discuss the incident with her. On or about April 6, 2012, APPLE terminated PLAINTIFF, to become effective on April 16, 2012.

20. On or about April 13, 2012 PLAINTIFF's counsel sent a demand letter to APPLE which outlined the facts alleged above and demanded PLAINTIFF's reinstatement after a period of medical leave. It was also demanded that PLAINTIFF be assigned to a manager other than Tracy Simmons and an assurance that APPLE will cease sending company-wide communications concerning PLAINTIFF's status in the company, as said communications were tarnishing PLAINTIFF's reputation.

21. On or about April 16, 2012, corporate counsel for APPLE, Kwang Kim sent PLAINTIFF's counsel a letter stating that APPLE would not be terminating PLAINTIFF as originally planned, but would instead keep him on paid suspension while APPLE continued its investigation.

22. Sometime on or around APPLE's April 16, 2012 letter, APPLE "re-opened" its investigation of the February 9, 2012 incident. However, instead of interviewing additional witnesses or obtaining other relevant evidence to that evening, APPLE turned its investigation to the contents of PLAINTIFF's Time Machine backup of his personal iPhone and the private information contained therein. APPLE made no such investigation into MS. HESS-BREWER's personal information.

23. On or about April 11, 2012 PLAINTIFF filed an FEHA complaint and obtained a "right to sue" letter on the same date.

24. On or about May 8, 2012 APPLE terminated PLAINTIFF's employment, claiming "inappropriate activity" as the reason for termination.

## FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS APPLE INC. AND DOES 1-10
### 42 U.S.C. SECTION 20002-3(a)
### RETALIATION

25. The factual allegations of paragraphs 1 through 24 above are re-alleged and incorporated herein by this reference.

26. Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. Section 2000e, makes it unlawful for an employer to discriminate against any employee because "he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. Section 2000e-3(a).

27. Defendants retaliated against PLAINTIFF, after PLAINTIFF engaged in activities and conduct protected by 42 U.S.C. Section 2000e. Specifically, PLAINTIFF alleged an instance of sexual harassment by a co-worker at APPLE and sought an investigation into such unlawful behavior. Consequently, Defendant APPLE subjected PLAINTIFF to adverse employment actions, including, but not limited to, harassment, suspension, and discharge. These adverse actions were meant to dissuade PLAINTIFF, or any other reasonable employees from making or supporting charges of sexual harassment and were causally connected to PLAINTIFF's protected activities and conduct, as evidenced by Defendants' conduct at the time which is stated in the facts set forth above.

28. Defendants retaliated against PLAINTIFF by ratifying, condoning or approving the acts alleged in ¶¶ 17 through 19 above.

29. Defendants retaliated against PLAINTIFF by ratifying, condoning or approving the acts alleged in ¶¶ 21 through 22 above.

30. Defendants retaliated against PLAINTIFF by ratifying, condoning or approving the acts alleged in ¶ 24 above.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS APPLE INC. AND DOES 1-10
## CALIFORNIA GOVERNMENT CODE SECTION 12940 ET SEQ.
## RETALIATION

31. The factual allegations of paragraphs 1 through 30 above are re-alleged and incorporated herein by this reference.

32. Jurisdiction is invoked pursuant to Section 12965, as amended, of the Government Code of the State of California, seeking damages for violations of PLAINTIFF's employment rights as protected by the Fair Employment and Housing Act (hereinafter "FEHA"), Government Code Section 12940, et seq., which prohibits retaliation against an employee for protecting against or refusing to participate in discriminatory employment actions prohibited by said Act.

33. PLAINTIFF was an employee of Defendant APPLE and is a person protected by said provisions of the FEHA.

34. During PLAINTIFF's employment, Defendants subjected him to egregious retaliatory actions and conduct, as alleged herein, because of his complaint that he was the victim of sexual harassment by a co-worker, which said harassment, when unaddressed, is an unlawful discriminatory employment practice in violation of the FEHA.

35. As a direct result of the acts and conduct of Defendants as alleged herein, PLAINTIFF has suffered and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial.

36. In doing the acts and engaging in the conduct alleged herein, Defendants intended to an did vex, harass, annoy and cause PLAINTIFF to suffer and continue to suffer severe emotional and physical distress.

37. Defendants committed the abusive actions alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF and from an improper and evil motive amounting to malice, and in conscious and reckless disregard of Plaintiff's rights

COMPLAINT - 7

as an employee. PLAINTIFF is thus entitled to recover punitive damages from Defendants commensurate with its conduct as alleged.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS APPLE INC. AND DOES 1-10
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

38. The factual allegations of paragraphs 1 through 37 above are re-alleged and incorporated herein by this reference.

39. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1367.

40. PLAINTIFF's wrongful termination from his employment with APPLE was based upon Defendants' violation of public policy, including but not limited to the following: the fundamental public policies against discrimination, harassment, and retaliation as expressed in the Civil Rights Act of 1964 and subsequent amendments thereto and the California Fair Employment Act, as set forth above.

41. As a proximate result of Defendants' wrongful acts, PLAINTIFF has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, seniority, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS RHONDA HESS-BREWER AND DOES 11-20
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. The factual allegations of paragraphs 1 through 41 above are re-alleged and incorporated herein by this reference.

43. Defendants intentionally and with malicious motive and bad faith, engaged in the aforementioned conduct in ¶¶ 13 through 15 above which which was calculated to cause and did cause PLAINTIFF to suffer severe psychological harm, humiliation and anxiety,

particularly since Defendants intentionally caused the actions and conduct against PLAINTIFF as described herein.

44. Defendants' conduct was done with the knowledge that it would cause PLAINTIFF severe psychological harm and was done with a wanton and reckless disregard of the consequences to PLAINTIFF and with evil design and a malignant heart.

45. Defendants' conduct was extreme, outrageous and unlawful.

46. As a direct and proximate cause of Defendants' conduct, PLAINTIFF has suffered and continues to suffer severe psychological harm.

47. As a result of said actions and conduct of Defendants, PLAINTIFF has suffered damages for loss of earnings, loss of future earnings, and related employment benefits and opportunities.

48. The foregoing conduct by Defendants was intentional, willful, wrongful, malicious and done in bad faith, and PLAINTIFF is entitled to punitive damages in an amount commensurate with said wrongdoing and Defendants' financial ability.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PUNITIVE DAMAGES

49. The foregoing conduct by Defendants and Does 1 through 20 was intentional, willful, wrongful, malicious and done in bad faith, and PLAINTIFF is entitled to punitive damages in an amount commensurate with said wrongdoing and Defendants' financial ability.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2. For back pay and front pay and special damages in amounts according to proof;

3. For attorneys' fees as provided by law;

4. For interest as provided by law;

5. For costs of suit herein;

6. For punitive damages in an amount sufficient to punish Defendants and deter future unlawful conduct; and

COMPLAINT - 9

7. For such other and further relief as the Court deems fair and just.

## JURY DEMAND

PLAINTIFF hereby demands trial by jury of all matters so triable.

Dated: June 13, 2012         SMITH PATTEN

SPENCER F. SMITH
DOW W. PATTEN
BETHANY J. SILVA
Attorneys for Plaintiff
DWAYNE RICHARDSON

COMPLAINT - 10


EXHIBIT B

1  BENJAMIN L. WEBSTER, Bar No. 132230
   TODD M. RATSHIN, Bar No. 245450
2  LITTLER MENDELSON, P.C.
   500 Capitol Mall
3  Suite 2000
   Sacramento, CA 95814
4  Telephone:    916.830.7200
   Fax No.:      916.561.0828
5
   Attorneys for Defendants
6  APPLE INC. and RHONDA HESS-BEAVERS
   (sued erroneously herein as "RHONDA HESS-
7  BREWER")

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10
   DWAYNE RICHARDSON, an individual,        Case No. 34-2012-00125838
11
                  Plaintiff,                **DEFENDANT APPLE INC.'S ANSWER TO**
12                                          **PLAINTIFF'S COMPLAINT**

13        v.

14 APPLE INC., a California corporation;     Complaint Filed:  June 13, 2012
   RHONDA HESS-BREWER, an individual;
15 and DOES 1 through 20, inclusive,

16                Defendants.

17

18        Defendant APPLE INC., hereafter "Defendant," hereby answers the unverified

19 Complaint of Plaintiff DWAYNE RICHARDSON ("Plaintiff") and alleges as follows:

20                          **<u>GENERAL DENIAL</u>**

21        Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

22 Defendant generally and specifically denies each and every allegation contained in Plaintiff's

23 Complaint, conjunctively and disjunctively.  Defendant further denies that Plaintiff has sustained, or

24 will sustain, any injury, loss, or damage in any manner or amount whatsoever by reason of any act or

25 omission, or any other conduct or absence thereof, on the part of Defendant.

26

27

28

Firmwide:113317865.3 043907.1139

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, Defendant asserts the following separate and distinct defenses to Plaintiff's Complaint and each cause of action set forth therein:

## FIRST DEFENSE

1.     As a first separate and distinct defense, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

2.     As a second separate and distinct defense, Defendant alleges that Plaintiff's Complaint, in whole or in part, is barred to the extent that Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 2000e-5(e)(1) and California Government Code sections 12960, subdivision (b), as well as any other applicable statute, and this Court thus lacks jurisdiction over Plaintiff's Complaint.

## THIRD DEFENSE

3.     As a third separate and distinct defense, Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical injuries, such claims and damages are barred by the exclusivity provisions of the Workers' Compensation Act, codified at California Labor Code section 3600 *et seq.*

## FOURTH DEFENSE

4.     As a fourth separate and distinct defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE

5.     As a fifth separate and distinct defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or laches.

## SIXTH DEFENSE

6.     As a sixth separate and distinct defense, Defendant alleges that even assuming any unlawful or other wrongful acts by any officer, director, or employee of Defendant were taken as

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1 against Plaintiff (which Defendant denies), Plaintiff's claims are barred to the extent Plaintiff

2 consented to any and all actions by Defendant.

### SEVENTH DEFENSE

4 7. As a seventh separate and distinct defense, Defendant alleges that at all times

5 relevant herein, all actions taken with regard to Plaintiff's employment were just, fair, reasonable,

6 honest, in good faith, privileged, without discrimination and/or retaliation, based on legitimate and

7 lawful business reasons and needs, and based upon all relevant facts and circumstances known by

8 Defendant at the time of taking such actions.

### EIGHTH DEFENSE

10 8. As an eighth separate and distinct defense, Defendant alleges that Plaintiff's

11 Complaint is barred, in whole or in part, based on the doctrine of after-acquired evidence and to the

12 extent any and all actions would have been taken against Plaintiff based on such after-acquired

13 evidence.

### NINTH DEFENSE

15 9. As a ninth separate and distinct defense, Defendant alleges that, even

16 assuming any unlawful or other wrongful acts by any officer, director, or employee of Defendant

17 were taken as against Plaintiff (which Defendant denies), any such unlawful or other wrongful acts,

18 if any, were not authorized, ratified, or condoned by Defendant, and Defendant neither knew nor

19 reasonably should have known of such conduct.

### TENTH DEFENSE

21 10. As a tenth separate and distinct defense, Defendant alleges that, even

22 assuming the occurrence of any conduct, act, and/or failure to act by any employee of Defendant or

23 anyone purporting to act on Defendant's behalf as alleged by Plaintiff (which Defendant denies), any

24 such conduct, act, and/or failure to act was outside and beyond the scope and course of any such

25 agent's employment with Defendant and contrary and in disregard of Defendant's interest, and

26 Defendant is thus not vicariously liable for any such acts and/or omissions of any other person by

27 way of *respondeat superior*, agency, or otherwise.

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113317865.3 043907.1139

3.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## ELEVENTH DEFENSE

11.  As an eleventh separate and distinct defense, Defendant alleges that, even assuming any decision concerning Plaintiff was based, in part, on discriminatory, harassing or retaliatory grounds (which Defendant denies), Defendant would have reached same decision absent any alleged discrimination, harassment, or retaliation.

## TWELFTH DEFENSE

12.  As a twelfth separate and distinct defense, Defendant alleges that Plaintiff's claims and any requested relief as against Defendant are barred, *inter alia,* under the doctrine of avoidable consequences, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing, retaliatory, and/or other wrongful conduct from occurring, and Plaintiff unreasonably failed to complain or otherwise take advantage of any preventive or corrective measures or opportunities.

## THRITEENTH DEFENSE

13.  As a thirteenth separate and distinct defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred to the extent any harm or damage allegedly suffered by Plaintiff was caused by his own intentional and/or negligent acts and/or omissions.

## FOURTEENTH DEFENSE

14.  As a fourteenth separate and distinct defense, Defendant alleges that Plaintiff's claim(s) for special damages is barred by his failure to state such claim(s) with sufficient specificity.

## FIFTEENTH DEFENSE

15.  As a fifteenth separate and distinct defense, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), any such claim by Plaintiff is barred to the extent such emotional distress was proximately caused by factors other than Plaintiff's employment and/or the actions of Defendant or anyone acting on Defendant's behalf.

## SIXTEENTH DEFENSE

16.  As a sixteenth separate and distinct defense, Defendant alleges that to the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1  extent Plaintiff has suffered any emotional and/or physical injuries (which Defendant denies), any

2  such claims by Plaintiff are barred to the extent such emotional and/or physical injuries were

3  incurred or sustained outside the course and scope of his employment with Defendant.

## SEVENTEENTH DEFENSE

5  17.    As a seventeenth separate and distinct defense, Defendant alleges that at no

6  time did Defendant act maliciously, oppressively, fraudulently, or with reckless indifference with

7  respect to Plaintiff or Plaintiff's rights or employment, or otherwise authorize, consent to, and/or

8  ratify any malicious, oppressive, fraudulent, or recklessly indifferent conduct of any employee or

9  agent of Defendant toward Plaintiff.

## EIGHTEENTH DEFENSE

11  18.    As an eighteenth separate and distinct defense, Defendant alleges that Plaintiff

12  is prohibited from recovering any punitive or exemplary damages, including any damages pursuant

13  to 42 U.S.C. § 1981a, California Civil Code section 3294, or any similar statute, against Defendant.

## NINETEENTH DEFENSE

15  19.    As a nineteenth separate and distinct defense, Defendant alleges, to the extent

16  it is determined Plaintiff is entitled to any recovery against Defendant (which Plaintiff is not), any

17  such recovery is precluded and barred, in whole or in part, by virtue of Plaintiff's failure to exercise

18  reasonable diligence or care to mitigate any injury, loss, or damage allegedly sustained by him.

## TWENTIETH DEFENSE

20  20.    As a twentieth separate and distinct defense, Defendant alleges that even

21  assuming Plaintiff is entitled to any recovery against Defendant (which Defendant denies), any

22  damages recoverable by Plaintiff must be reduced and offset against any income obtained by

23  Plaintiff from other employment or from other sources.

## TWENTY-FIRST DEFENSE

25  21.    As a twenty-first separate and distinct defense, Defendant alleges that a

26  reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that

27  Plaintiff's claims are unreasonable, pursued in bad faith, and/or frivolous so as to justify an award of

28  attorney's fees and costs and against Plaintiff and his attorneys.  Defendant reserves the right to

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113317865.3 043907.1139                    5.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

amend its answer upon further investigation and discovery of facts supporting this defense.

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

Defendant alleges that the Complaint does not describe the claims or facts with sufficient particularity, and is couched in conclusory terms, so as to permit Defendant to ascertain what other defenses may exist. Accordingly, Defendant reserves the right to assert and rely on any and all further defenses that become available or appear during discovery in this action, and Defendant expressly reserves the right to amend this Answer for the purpose of asserting such additional defenses. Defendant additionally reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Plaintiff's Complaint be dismissed, in its entirety, with prejudice, with judgment entered against Plaintiff and in favor of Defendant on all causes of action;

3. That Defendant be awarded its costs of suit and attorney's fees incurred herein; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.


Dated: August 1, 2012


BENJAMIN L. WEBSTER
TODD M. RATSHIN
LITTLER MENDELSON, P.C.
Attorneys for Defendants
APPLE INC. and RHONDA HESS-
BEAVERS (sued erroneously herein as
"RHONDA HESS-BREWER")

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113317865.3 043907.1139                6.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On August 1, 2012, I served the within document(s):

**DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Spencer F. Smith, Esq.
Dow W. Patten, Esq.
Bethany J. Silva, Esq.
SMITH PATTEN
353 Sacramento Street, Suite 1120
San Francisco, CA 94111
Fax: (415) 520-0104

I am readily familiar with the firm's practice of collection and processing

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113188723.1 043907.1139

PROOF OF SERVICE

1  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

2  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

3  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

4  thereon fully prepaid in the ordinary course of business.

5        I declare under penalty of perjury under the laws of the State of California that the

6  above is true and correct. Executed on August 1, 2012, at Sacramento, California.

7

8  _____

9                Geri Prevatt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113188723.1 043907.1139

2.

PROOF OF SERVICE



BENJAMIN L. WEBSTER, Bar No. 132230
TODD M. RATSHIN, Bar No. 245450
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
Telephone:   916.830.7200
Fax No.:      916.561.0828

Attorneys for Defendants
APPLE INC. and RHONDA HESS-BEAVERS
(sued erroneously herein as "RHONDA HESS-
BREWER")

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| DWAYNE RICHARDSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation;<br>RHONDA HESS-BREWER, an individual;<br>and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 34-2012-00125838<br><br>**DEFENDANT RHONDA HESS-BEAVERS'**<br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 13, 2012 |

Defendant RHONDA HESS-BEAVERS, sued erroneously herein as RHONDA

HESS-BREWER, hereafter "Defendant," hereby answers the unverified Complaint of Plaintiff

DWAYNE RICHARDSON ("Plaintiff") and alleges as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

Defendant generally and specifically denies each and every allegation contained in Plaintiff's

Complaint, conjunctively and disjunctively. Defendant further denies that Plaintiff has sustained, or

will sustain, any injury, loss, or damage in any manner or amount whatsoever by reason of any act or

omission, or any other conduct or absence thereof, on the part of Defendant.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113318803.4 043907.1139

DEFENDANT RHONDA HESS-BEAVERS' ANSWER TO PLAINTIFF'S COMPLAINT

# DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, Defendant asserts the following separate and distinct defenses to Plaintiff's Complaint and each cause of action set forth therein:

## FIRST DEFENSE

1. As a first separate and distinct defense, Defendant alleges that Plaintiff's Complaint is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

2. As a second separate and distinct defense, Defendant alleges that Plaintiff's Complaint, in whole or in part, is barred to the extent that Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 2000e-5(e)(1) and California Government Code sections 12960, subdivision (b), as well as any other applicable statute, and this Court thus lacks jurisdiction over Plaintiff's Complaint.

## THIRD DEFENSE

3. As a third separate and distinct defense, Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical injuries, such claims and damages are barred by the exclusivity provisions of the Workers' Compensation Act, codified at California Labor Code section 3600 *et seq.*

## FOURTH DEFENSE

4. As a fourth separate and distinct defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE

5. As a fifth separate and distinct defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or laches.

## SIXTH DEFENSE

6. As a sixth separate and distinct defense, Defendant alleges that even assuming any unlawful or other wrongful acts by Defendant were taken as against Plaintiff (which Defendant

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1  denies), Plaintiff's claims are barred to the extent Plaintiff consented to any and all actions by
2  Defendant.

### SEVENTH DEFENSE

4  7.    As a seventh separate and distinct defense, Defendant alleges that at all times
5  relevant herein, all actions taken with regard to Plaintiff or Plaintiff's rights or employment were
6  just, fair, reasonable, honest, in good faith, privileged, without discrimination and/or retaliation,
7  based on legitimate and lawful business reasons and needs, and based upon all relevant facts and
8  circumstances known by Defendant at the time of taking such actions.

### EIGHTH DEFENSE

10  8.    As an eighth separate and distinct defense, Defendant alleges that Plaintiff's
11  Complaint is barred, in whole or in part, based on the doctrine of after-acquired evidence and to the
12  extent any and all actions would have been taken against Plaintiff based on such after-acquired
13  evidence.

### NINTH DEFENSE

15  9.    As a ninth separate and distinct defense, Defendant alleges that the Complaint,
16  and each cause of action alleged therein, is barred to the extent any harm or damage allegedly
17  suffered by Plaintiff was caused by his own intentional and/or negligent acts and/or omissions.

### TENTH DEFENSE

19  10.   As a tenth separate and distinct defense, Defendant alleges that Plaintiff's
20  claim(s) for special damages is barred by his failure to state such claim(s) with sufficient specificity.

### ELEVENTH DEFENSE

22  11.   As an eleventh separate and distinct defense, Defendant alleges that if Plaintiff
23  suffered any emotional distress (which Defendant denies), Plaintiff contributed to any such
24  emotional distress through his own failure to pursue or avail himself of any internal procedures or
25  preventive measures available to him.

### TWELFTH DEFENSE

27  12.   As a twelfth separate and distinct defense, Defendant alleges that if Plaintiff
28  has suffered any emotional distress (which Defendant denies), any such claim by Plaintiff is barred

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113318803.4 043907.1139                3.

DEFENDANT RHONDA HESS-BEAVERS' ANSWER TO PLAINTIFF'S COMPLAINT

1    to the extent such emotional distress was proximately caused by factors other than the actions of
2    Defendant or anyone acting on Defendant's behalf.

### THIRTEENTH DEFENSE

4    13.    As a thirteenth separate and distinct defense, Defendant alleges that at no time
5    did Defendant act maliciously, oppressively, fraudulently, or with reckless indifference with respect
6    to Plaintiff or Plaintiff's rights or employment, or otherwise authorize, consent to, and/or ratify any
7    malicious, oppressive, fraudulent, or recklessly indifferent conduct of any employee or agent of
8    Defendant toward Plaintiff.

### FOURTEENTH DEFENSE

10    14.    As a fourteenth separate and distinct defense, Defendant alleges that Plaintiff
11    is prohibited from recovering any punitive or exemplary damages, including any damages pursuant
12    to 42 U.S.C. § 1981a, California Civil Code section 3294, or any similar statute, against Defendant.

### FIFTEENTH DEFENSE

14    15.    As a fifteenth separate and distinct defense, Defendant alleges, to the extent it
15    is determined Plaintiff is entitled to any recovery against Defendant (which Plaintiff is not), any such
16    recovery is precluded and barred, in whole or in part, by virtue of Plaintiff's failure to exercise
17    reasonable diligence or care to mitigate any injury, loss, or damage allegedly sustained by him.

### SIXTEENTH DEFENSE

19    16.    As a sixteenth separate and distinct defense, Defendant alleges that even
20    assuming Plaintiff is entitled to any recovery against Defendant (which Defendant denies), any
21    damages recoverable by Plaintiff must be reduced and offset against any income obtained by
22    Plaintiff from other employment or from other sources.

### SEVENTEENTH DEFENSE

24    17.    As a seventeenth separate and distinct defense, Defendant alleges that a
25    reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that
26    Plaintiff's claims are unreasonable, pursued in bad faith, and/or frivolous so as to justify an award of
27    attorney's fees and costs and against Plaintiff and his attorneys.  Defendant reserves the right to
28    amend her answer upon further investigation and discovery of facts supporting this defense.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113318803.4 043907.1139                    4.

DEFENDANT RHONDA HESS-BEAVERS' ANSWER TO PLAINTIFF'S COMPLAINT

## RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

Defendant alleges that the Complaint does not describe the claims or facts with sufficient particularity, and is couched in conclusory terms, so as to permit Defendant to ascertain what other defenses may exist. Accordingly, Defendant reserves the right to assert and rely on any and all further defenses that become available or appear during discovery in this action, and Defendant expressly reserves the right to amend this Answer for the purpose of asserting such additional defenses. Defendant additionally reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Plaintiff's Complaint be dismissed, in its entirety, with prejudice, with judgment entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded her costs of suit and attorney's fees incurred herein; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: August 1, 2012

BENJAMIN L. WEBSTER
TODD M. RATSHIN
LITTLER MENDELSON, P.C.
Attorneys for Defendants
APPLE INC. and RHONDA HESS-
BEAVERS (sued erroneously herein as
"RHONDA HESS-BREWER")

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113318803.4 043907.1139

5.

DEFENDANT RHONDA HESS-BEAVERS' ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On August 1, 2012, I served the within document(s):

**DEFENDANT RHONDA HESS-BEAVERS' ANSWER TO PLAINTIFF'S COMPLAINT**

☐     by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐     by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐     Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Spencer F. Smith, Esq.
Dow W. Patten, Esq.
Bethany J. Silva, Esq.
SMITH PATTEN
353 Sacramento Street, Suite 1120
San Francisco, CA 94111
Fax: (415) 520-0104

    I am readily familiar with the firm's practice of collection and processing

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113188723.1 043907.1139

PROOF OF SERVICE

1 correspondence for mailing and for shipping via overnight delivery service. Under that practice it

2 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

3 deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

4 thereon fully prepaid in the ordinary course of business.

5       I declare under penalty of perjury under the laws of the State of California that the

6 above is true and correct. Executed on August 1, 2012, at Sacramento, California.

7

8                                            _____

9                                             Geri Prevatt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:113188723.1 043907.1139

2.

PROOF OF SERVICE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On August 2, 2012, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANTS**

☐     by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐     by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐     Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Spencer F. Smith, Esq.
Dow W. Patten, Esq.
Bethany J. Silva, Esq.
SMITH PATTEN
353 Sacramento Street, Suite 1120
San Francisco, CA 94111
Fax: (415) 520-0104

I am readily familiar with the firm's practice of collection and processing

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

2  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

3  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

4  thereon fully prepaid in the ordinary course of business.

5        I declare under penalty of perjury under the laws of the State of California that the

6  above is true and correct. Executed on August 2, 2012, at Sacramento, California.

_____

Geri Prevatt

Firmwide:113188723.1 043907.1139

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

PROOF OF SERVICE