IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE RICHARDSON, an individual,

    Plaintiff,

vs.

APPLE INC., a California corporation;
RHONDA HESS-BREWER, an individual;
and DOES 1 through 20, inclusive,[1]

    Defendants.

                      No. CIV S-12-2032-KJM-KJN

ORDER

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1

On June 13, 2012, plaintiff Dwayne Richardson filed suit against defendants Apple, Inc., Rhonda Hess-Brewer,[2] and twenty Doe defendants in Sacramento County Superior Court. (ECF 1.) Plaintiff asserted claims against Apple and the Doe defendants for retaliation in violation of 42 U.S.C. § 2000e-3(a) and for retaliation and wrongful termination in violation of public policy under California Government Code § 12940, et seq. (*Id.*) Plaintiff asserted a claim against all defendants for intentional infliction of emotional distress. (*Id.*) On August 2, 2012, defendants removed the action from the Superior Court to this court, predicated on 28 U.S.C. §§ 1331 and 1337(a) and 42 U.S.C. § 2000e, et seq. (*Id.*) On August 23, 2012, plaintiff filed a motion to amend the complaint under Federal Rule of Civil Procedure 15(a) to remove the federal retaliation claim and to remand the remaining claims to state court. (ECF 6.) Defendants filed an opposition brief on September 7, 2012. (ECF 7.) Plaintiff did not file a reply. Because oral argument would not materially assist the court in resolving the pending motion, the court orders this matter submitted on the briefs under Local Rule 230(g).

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.,* 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to

---

[2] In Richardson's complaint, Rhonda Hess-Brewer is incorrectly named as "Rhonda Hess-Beavers." (ECF 1.)

2

whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton,* 833 F.2d at 186 n.3).

Defendants do not appear to oppose plaintiff's motion to amend the complaint to remove the claim under 42 U.S.C. § 2000e-3(a). However, plaintiff's "Proposed First Amended Complaint" filed with his motion has a Sacramento County Superior Court caption. (ECF 6-1.) As defendants assert (ECF 7 at 2), plaintiff must change the caption on his Proposed Amended Complaint to reflect the fact that this court, not the state court, still has jurisdiction over his claims, as the court has not yet granted the plaintiff's motion to remand. *See* 28 U.S.C. § 1446(d); Fed. R. Civ. P. 15(a). Plaintiff's motion is denied without prejudice.

Defendants oppose plaintiff's motion to remand the remaining claims. (ECF 7.) Subject to the conditions set forth in 28 U.S.C. § 1367(c), federal district courts may decline to exercise supplemental jurisdiction over state law claims. *See Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." *Id.* at 1001 (citations omitted). Primary responsibility for developing and applying state law rests with state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988); *Gini v. Las Vegas Metro. Police Dept.,* 40 F.3d 1041, 1046 (9th Cir.1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims" (quoting *Schneider v. TRW Inc.,* 938 F.2d 986, 993 (9th Cir.1991))). However, defendants correctly point out that plaintiff's proposed amended complaint does not remove all references to federal jurisdiction. (ECF 6-1 ¶ 33, "Jurisdiction is invoked pursuant to 28 U.S.C. Section 1367.") Plaintiff's substantive claims remaining in the proposed amended complaint, retaliation and wrongful termination in violation

of public policy and intentional infliction of emotional distress, are state law claims; however, exercising supplemental jurisdiction requires at least one federal claim.  Before the court will remand the state law claims, plaintiff must remove the reference to 28 U.S.C. Section 1367 to clarify that eliminating his federal claim from the amended complaint removes this court's basis for exercising supplemental jurisdiction.  Plaintiff's motion to remand the complaint also is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is denied without prejudice.

2. Plaintiff's motion to remand the complaint to state court is denied without prejudice.

3. If plaintiff contemplates filing a new motion to amend and remand, he must first comply with the court's standing order to "engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution." (ECF 3-1 ¶ 4(A).)  Any new motion must be filed within twenty-one days of this order.

IT IS SO ORDERED.

DATED: October 18, 2012.

_____
UNITED STATES DISTRICT JUDGE