IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE RICHARDSON, an individual,

      Plaintiff,

vs.

APPLE INC., a California corporation;
RHONDA HESS-BREWER, an individual;
and DOES 1 through 20, inclusive,

      Defendants.

No. 2:12-CV-02032-KJM-KJN

<u>ORDER AND</u>

<u>ORDER TO SHOW CAUSE</u>

/

      On June 13, 2012, plaintiff Dwayne Richardson filed a complaint against defendants Apple, Inc., Rhonda Hess-Beavers,[1] and twenty Doe defendants in Sacramento County Superior Court. (ECF 1.) On August 23, 2012, plaintiff filed a motion to amend the complaint under Federal Rule of Civil Procedure 15(a), to remove the federal retaliation claim and remand the remaining claims to state court. Defendants opposed the motion. (ECF 6, 7.) On October 19, 2012, the court denied plaintiff's motion without prejudice, ordering any renewed motion to be filed within twenty-one days and specifying that plaintiff must comply

---

[1] In Richardson's complaint, Rhonda Hess-Beavers is incorrectly named as "Rhonda Hess-Brewer." (ECF 1.)

1

with the court's standing order to meet and confer with defendants before filing any motion. (ECF 10.)

I.      Failure to Comply with Court Order

As an initial matter, the court notes that plaintiff has not complied with the court's order that any renewed motion must be filed within a twenty-one-day period.  Plaintiff refiled his motion on November 14, 2012 (ECF 11), five days after the deadline had passed.  *See* FED. R. CIV. P. 6(a)(1), 6(d).  Plaintiff's counsel has not explained why he has disregarded the court's order.  Accordingly, counsel is hereby ordered to show cause on or before December 31, 2012, why sanctions in the amount of five-hundred dollars ($500) should not be imposed against counsel and/or plaintiff for their failure to comply with the court's order.

II.     Motion to Amend

Despite the untimeliness of plaintiff's motion, the court considers it on the merits. Defendants argue that the court may deny plaintiff's motion to amend based solely on the delay in filing, but untimeliness constitutes sufficient grounds for denial only when the deadline for filing a motion to amend was set through a Rule 16 scheduling order.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (upholding district court's denial of a motion to amend because motion had been filed after the deadline in the scheduling order as an exception to use of Rule 15(a) standard); *see also Villalta v. Holder*, No. C 11-03021 WHA, 2012 U.S. Dist. LEXIS 159229, at *4-8 (Nov. 6, 2012 N.D. Cal.) (applying the Rule 15(a) standard where plaintiff had filed motion after the court's deadline for requesting amendment set in its order dismissing the case.)  Here, the court has not issued an order under Rule 16 and must grant plaintiff's motion if it meets the standard under the Rule 15(a).

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend a pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a

2

court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

As noted above, plaintiffs' motion to amend was untimely filed. Nonetheless, "[d]elay alone does not provide sufficient grounds for denying leave to amend . . . ." *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). Defendants have not argued that they are prejudiced by the amendment, that it was sought in bad faith, or would be futile. The court therefore grants plaintiff's motion to amend the complaint.

III.  Supplemental Jurisdiction Discretionary

Subject to the conditions set forth in 28 U.S.C. § 1367(c), federal district courts may decline to exercise supplemental jurisdiction over state law claims. *See Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." *Id.* at 1001 (citations omitted). Primary responsibility for developing and applying state law rests with state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988); *Gini v. Las Vegas Metro. Police Dept.,* 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are

eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims"; *quoting Schneider v. TRW Inc.,* 938 F.2d 986, 993 (9th Cir. 1991)).  Because plaintiff's amended complaint only contains state law claims, the court grants his motion to remand.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is granted.  Plaintiff is ordered to file the amended complaint presented at ECF 11-2 by close of business on December 24, 2012.
2. Plaintiff's motion to remand the complaint to state court is granted.
3. Plaintiff's counsel is ordered to show cause by December 30, 2012 why sanctions in the amount of five-hundred dollars ($500) should not be imposed against counsel and/or plaintiff for their failure to comply with the court's October 19, 2012 order.

DATED: December 19, 2012.

                UNITED STATES DISTRICT JUDGE